IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL BERNARD DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-1751-L |
| | § | |
| CITY OF DAWSON, TEXAS and | § | |
| MICHAEL CARTER, Chief of Police, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Samuel Bernard Davis brings this civil rights action against Defendants City of Dawson and its police chief, Michael Carter. *See* Dkt. No. 1.

The City and Chief Carter moved to dismiss Mr. Davis's complaint under Federal Rule of Civil Procedure 12(b)(6), asserting in part that Chief Carter is entitled to qualified immunity. *See* Dkt. No. 8.

United States District Judge Sam A. Lindsay referred the motion to the undersigned United States magistrate, under 28 U.S.C. § 636(b), for hearing, if necessary, and for submission of proposed findings and recommendations for its disposition. *See* Dkt. No. 9.

Mr. Davis filed a response to the motion. *See* Dkt. No. 10. And Defendants replied. *See* Dkt. No. 13.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion to dismiss and dismiss Mr.

Davis's claims without prejudice to his filing an amended complaint.

## Applicable Background

Mr. Davis alleges that the City and Chief Carter have "denied the equal protection of law enforcement from assaults against him because of his race, Black." Dkt. No. 1, ¶ 8. And he makes the following allegations in support of an equal protection claim:

> Samuel Bernard Davis, Plaintiff, is a black male, who is legally disabled, and over 50 years of age. Plaintiff has been a resident of and domicile in the City of Dawson, Navarro County, Texas for approximately 50 years. On July 21, 2017, while within the city limits of Dawson, Navarro County, Texas, Plaintiff was physically assaulted by a White male named Doyle Wayne Kelly. As a result of this assault and Plaintiffs pre-existing disabilities, Plaintiff suffered a torn rotator cuff to his right shoulder. Plaintiff also sustained an injury to Plaintiff's left eye from Mr. Kelly's right thumb gauging Plaintiffs left eye. Plaintiff suffered additional torn ligaments to his right shoulder requiring medical surgery to repair them as a direct proximately caused by the assault on Plaintiff as reported on July 21, 2017, to Chief Michael Carter. The investigation was for a violation of Plaintiffs rights for equal protection under Texas Penal Code §22.0l(a )(1).
> The incident took place at the Tiger Tote Station in Dawson, Texas. The Tiger Tote Store had captured the entire assault on their surveillance cameras facing the front outside view. The camera clearly shows Doyle Wayne Kelly aggressively push the driver's side door of Plaintiff's truck into Plaintiff as Mr. Kelly attempted to go around the door to aggressively assault Plaintiff. After Mr. Kelly got into Plaintiff driver side open door, he began grabbing and pulling Plaintiff out of his truck. In spite of Plaintiff's disabilities to his body, he put up a struggle to prevent Mr. Kelly from further assault and injury to him. The Tiger Tote Station Clerk on duty at the time of the assault told the Dawson Chief of Police Michael Carter that the aggressor in the fight was clearly Doyle Wayne Kelly. Despite the clear undisputed evidence of an assault by a White male against a disabled Black male, the Defendant, Dawson Chief of Police Michael Carter declined to take any further action to give Plaintiff equal protection under the law, officially on July 26, 2017, for a violation of Tex. Pen. Code §22.01(a)(1).
> At the time of the offense the City of Dawson Police force's

invidious discriminatory enforcement of the law against the disfavored Black citizens was well established. Probably this is best demonstrated in the selective enforcement of a City Ordinance. There is apparently a City Ordinance against driving four wheelers or off road vehicles on the city streets of Dawson, Texas. If you are Black, the Dawson Chief of Police, Michael Carter, will enforce the ordinance prohibiting any Black citizen from driving an off road vehicle on the Dawson City streets. However, the White citizens of Dawson drive their off road vehicles on the Dawson City streets routinely, and the Dawson Police Chief says or does nothing to enforce the City Ordinance on its White violators of the said ordinance. The Dawson City Police Chief, Michael Carter, has been documented on a regular basis greeting White violators of the Ordinance and having coffee or generally socializing with the White violator without any attempt to enforce the ordinance. Similarly situated Black citizens riding off road vehicles on the City Streets are warned, if they don't get their off road vehicles off the city streets, the vehicle will be impounded. Only White citizens are allowed to ride a off road vehicle on the Streets of Dawson, Navarro County, Texas.

  Other similarly situated white male complaints of an assault as the Plaintiff's complaint are promptly prosecuted by the City of Dawson Police Chief, Michael Carter. Plaintiff has found examples of similarly situated the White male victims of an assault and White female victims of an assault, whose cases were referred over to the District Attorney for prosecution. In one case the alleged White male victim did not report the assault nor did he request that the alleged perpetrator be prosecuted. However, Police Chief Michael Carter insisted that it be prosecuted to protect the White male victim's right against being assaulted. Plaintiff had made complaints to law enforcement about Doyle Wayne Kelly assaults against him to local law enforcement prior to July 21, 2017. On one incident Mr. Kelly shouted out racial epithet at Plaintiff and brandished a deadly weapon, a gun. Plaintiff reported this incident to local law enforcement. The incident involving the brandished gun and racial epithets occurred in 2008. Local law enforcement refused to prosecute Mr. Kelly, and protect Plaintiffs rights under the equal protection clause of the 14th Amendment to the U.S. Constitution. On a second occasion prior to July 21, 2017, Plaintiff complained to the local law enforcement about [ ] Mr. Kelly trespassing onto Plaintiff's property and cutting down shrubbery, against Plaintiff's wishes. The local law enforcement refused to prosecute Plaintiff's complaint against Mr. Kelly, for the trespass. Finally the physical assault on Plaintiff on July 21, 2017, by Mr. Kelly, despite clear unequivocal evidence that Plaintiff, a Black legally disabled male, received an injury from a physical assault by Mr. Kelly, a White male, local law enforcement refused to protect Plaintiff's

>     rights of equal protection to be free from physical assaults.
>     	Plaintiff's condition of being disabled and the numerous surgeries he has had in the past is a well known fact about Plaintiff, in the small community of Dawson, Texas. In fact Plaintiff has had conversations with both the Dawson Chief of Police and Doyle Wayne Kelly, in which both individuals confirmed or acknowledged Plaintif's disability status, prior to July 21, 2017.
>     	The Dawson Chief of Police, Dawson town mayor, and all city officers share the same address. The city officials are well aware of the Dawson Police Chief Michael Carter's selective enforcement of the local ordinance prohibiting off road vehicles being operated on the city's streets. This policy and practice had been established by the Dawson Chief of Police for over five years. The Dawson City Official enjoyed the privilege of operating off road vehicle on the city streets.

*Id.*, ¶¶ 2-7.

## Legal Standards

In deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). But a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible

-4-

on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" (quoting *Iqbal*, 556 U.S. at 678 (quoting, in turn, FED. R. CIV. P. 8(a)(2)))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* Instead, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that the plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project*, 920 F.2d at 899 ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"

(quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project*, 920 F.2d at 900 (citations omitted), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

While the United States Court of Appeals for the Fifth Circuit "has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it

-6-

into the complaint." *Id.*

And a plaintiff may not amend his allegations through a response to a motion to dismiss. "[A] claim for relief" must be made through a pleading, FED. R. CIV. P. 8(a), and a response to a motion is not among the "pleadings [that] are allowed" under the Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a); *see, e.g., Klaizner v. Countrywide Fin.*, No. 2:14-CV-1543 JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must be contained in a pleading. A response to a motion is not a pleading and it is improper for the court to consider causes of action not contained in the pleadings." (citations omitted)).

## Discussion

First, to the extent that Mr. Davis's allegations can be read to assert a claim against Chief Carter or the City based on a failure to prosecute Mr. Kelly, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

But focusing solely on the allegations in the complaint, as the Court must, it appears that Mr. Davis contends that the defendants' – Chief Carter personally and the City through its policies – selective enforcement of the law has deprived "him of his constitutional right to equal protection of law in violation of the Fourteenth Amendment." *Duarte v. City of Lewisville, Tex.*, 858 F.3d 348, 353 (5th Cir. 2017).

The Fourteenth Amendment prohibits a state from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. "This 'Equal Protection Clause "is essentially a direction that all persons similarly

situated should be treated alike.""" *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 212 (5th Cir. 2009) (quoting *Qutb v. Strauss*, 11 F.3d 488, 492 (5th Cir. 1993) (quoting, in turn, *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985))).

"To maintain an equal protection claim, a plaintiff typically alleges that he 'received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent.'" *Id.* at 212-13 (quoting *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001); citations omitted).

Thus, no equal protection violation is plausibly alleged where a plaintiff fails "to allege any facts showing that others were similarly situated." *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 414 (5th Cir. 2015) (quoting *Club Retro*, 568 F.3d at 213; brackets omitted); *see also Gibson v. Tex. Dep't of Ins. – Div. of Worker's Comp.*, 700 F.3d 227, 238 (5th Cir. 2012) (a viable claim under the Equal Protection Clause must include an allegation that plaintiff "has been 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment'" (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000))).

To plausibly allege discriminatory intent, "a plaintiff must [allege] 'that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group.'" *Fennell*, 804 F.3d at 412 (quoting *Priester v. Lowndes Cnty.*, 354 F.3d 414, 424 (5th Cir. 2004) (quoting, in turn, *Taylor*, 257 F.3d at 473)). And "[a]llegations of discriminatory intent that are merely conclusory, without reference to specific facts, will not suffice." *Id.* (quoting *Priester*, 354 F.3d at 420; brackets

-8-

omitted).

Mr. Davis's similarly-situated allegations are merely conclusory. First, he fails to explain how the alleged selective enforcement of a four-wheeler ordinance is related to (much less similarly situated to) his allegation that the defendants failed to protect him by prosecuting Mr. Kelly. *See Vincent v. City of Sulphur*, 28 F. Supp. 3d 626, 645 (W.D. La. 2014) (nothing that plaintiff's claim failed as to the similarly-situated prong in part because "[h]e offers nothing to indicate that others in similar scenarios were treated differently by local law enforcement").

Mr. Davis also fails to explain how the white assault complainants he cites to – but otherwise does not identify – are similarly situated to him. *Cf. Chavez v. Ill. State Police*, No. 94 C 5307, 1999 WL 417364, at *3 (N.D. Ill. June 4, 1999) ("There is nothing to suggest that the two white individuals Trooper Tone stopped were similarly situated to Gomez. Evidence Gomez himself submits shows that, prior to requesting consent to search Gomez's vehicle, Trooper Tone knew that Gomez had an arrest record that included a drug offense. There is no evidence that the two white individuals presented Trooper Tone with a similar law enforcement situation. Accordingly, we cannot find that Gomez has presented evidence to create a genuine issue as to whether he was treated differently than similarly situated white individuals." (citation omitted)).

Mr. Davis's claims of discriminatory intent are similarly conclusory.

Mr. Davis has therefore failed to allege a plausible equal protection claim against Chief Carter, which requires dismissal of this claim and entitles Chief Carter to qualified immunity. *See, e.g., Shaw v. Villanueva*, 918 F.3d 414, 418-19 (5th Cir.

2019) ("Shaw's unadorned allegations are similarly conclusory. ... In other words, his allegations are all broth and no beans. ... Post-*Iqbal*, formulaic recitations or bare-bones allegations will not survive a motion to dismiss. Given the thinness of Shaw's allegations, Villanueva and Ebrom are entitled to qualified immunity.").

Mr. Davis also has not alleged a plausible claim against the City.

"A municipality and/or its policymakers may be held liable under [42 U.S.C.] § 1983 'when execution of a government's policy or custom ... by those whose edicts or acts may fairly be said to represent official policy, inflicts the [constitutional] injury.'" *Salazar-Limon v. City of Houston*, 826 F.3d 272, 277 (5th Cir. 2016) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); citation omitted). That is, "[t]here is no vicarious municipal liability under § 1983; rather, plaintiffs 'must prove that "action pursuant to official municipal policy" caused their injury.'" *Three Legged Monkey, L.P. v. City of El Paso, Tex.*, 652 F. App'x 236, 239 (5th Cir. 2016) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting, in turn, *Monell*, 436 U.S. at 691)).

As applicable to Mr. Davis's allegations, to assert liability under *Monell*, a plaintiff must allege "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

"Official policy can arise in various forms. It usually exists in the form of written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that

fairly represents municipal policy.'" *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) (quoting *Piotrowski*, 237 F.3d at 579 (quoting, in turn, *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc))).

Here, Mr. Davis appears to allege that a widespread practice constitutes an official policy of the City:

> officials are well aware of [Chief Carter's] selective enforcement of the local ordinance prohibiting off road vehicles being operated on the city's streets. This policy and practice had been established by the Dawson Chief of Police for over five years. The Dawson City Official enjoyed the privilege of operating off road vehicle on the city streets.

Dkt. No. 1, ¶ 7.

But, "[t]o proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts.'" *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (quoting *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997); footnote omitted); *see also Pinedo v. City of Dallas, Tex.*, No. 3:14-cv-958-D, 2015 WL 5021393, at *5 (N.D. Tex. Aug. 25, 2015) ("To establish a custom, a plaintiff must demonstrate (and, at the pleading stage, must plausibly plead) 'a pattern of abuses that transcends the error made in a single case.'" (quoting *Piotrowski*, 237 F.3d at 582)).

> "If actions of city employees are to be used to prove a custom for which the municipality is liable, those actions must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees.

*Webster*, 735 F.2d at 842.

> [And p]rior indications cannot simply be for any and all "bad" or unwise acts, but rather must point to the specific violation in question. That is, notice of a pattern of *similar* violations is required. While the specificity required should not be exaggerated, our cases require that the prior acts be fairly similar to what ultimately transpired ....

*Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005) (footnotes omitted).

Mr. Davis has not alleged facts to show any relationship between the City's alleged practice of selectively enforcing its four-wheeler ordinance and his allegation that the defendants failed to protect him by prosecuting Mr. Kelly. These two alleged violations are therefore not fairly similar to each other to establish a pattern of abuses that goes beyond the allegations brought by Mr. Davis. And Mr. Davis has not alleged the facts necessary to show that the City could be liable. *See Peña*, 879 F.3d at 621 ("Though [a plaintiff] need not offer proof of her allegations at this stage, she still must plead facts that plausibly support each element of § 1983 municipal liability under [any applicable] theory." (citing *Iqbal*, 556 U.S. at 678)).

## Recommendation

The Court should grant Defendants City of Dawson and Michael Carter's motion to dismiss [Dkt. No. 8] and dismiss Plaintiff Samuel Bernard Davis's claims without prejudice to Davis's filing an amended complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 24, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE